**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-814; 24-837 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00206-BTM-1; 3:22-cr-00114-BTM-1 |
| v. | |
| OMAR ULISES RODRIGUEZ RAMIREZ, AKA Omar Ulises Rodriguez-Ramirez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted July 9, 2026[**]
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District Judge.[***]

Omar Rodriguez Ramirez ("Rodriguez") appeals the district court's denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

his motion to dismiss the information after being charged with illegal reentry under 8 U.S.C. § 1326. His illegal reentry charge rests on two removal orders, a September 2021 administrative removal order and a December 2021 expedited removal order. We review de novo the denial of a motion to dismiss under § 1326(d). *United States v. Gambino-Ruiz*, 91 F.4th 981, 984 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Rodriguez has not properly mounted a collateral attack to his September 2021 administrative removal order under 8 U.S.C. § 1326(d). To collaterally attack a predicate removal order, a non-citizen must satisfy three requirements: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

2. Rodriguez has not shown that his administrative removal proceeding "improperly deprived" him "of the opportunity for judicial review." *Id.* § 1326(d)(2). Rodriguez was served a final administrative removal order and shown a notice of intent to remove, which notified him that could file an appeal "with the appropriate U.S. Circuit Court of Appeals within 30 calendar days" of removal. Rodriguez has not identified any obstacle in his removal proceeding that prevented him from exercising his right to appeal. An immigration officer's statement that

Rodriguez would be deported "no matter what" did not preclude Rodriguez's appeal. *See United States v. Portillo-Gonzalez*, 80 F.4th 910, 920 (9th Cir. 2023) (rejecting the contention that an immigration judge's "misrepresentation" about the petitioner's eligibility for relief satisfies § 1326(d)(2)). And even if, as Rodriguez testified, an immigration officer dissuaded him from calling an attorney at the time of his removal, Rodriguez does not explain why he could not file an appeal after his removal.[1]

3. Rodriguez has not shown that his administrative removal order was "fundamentally unfair." 8 U.S.C. § 1326(d)(3). We agree with Rodriguez that he was denied due process because he was served a notice of removal, issued a final administrative removal order, and deported on the same day. However, Rodriguez has not shown that "he suffered prejudice as a result" of that violation. *Gambino-Ruiz*, 91 F.4th at 985 (citation omitted). To show prejudice, Rodriguez must show that he had "plausible" grounds for relief. *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 761 (9th Cir. 2015).

Rodriguez has not done so here. Rodriguez argues that, had he been afforded time to obtain a lawyer, he could have obtained a lawyer, set aside his guilty plea for his 2018 state assault conviction based on that criminal defense

---

[1] Rodriguez's argument that his waiver of appeal was not knowing and voluntary, is inapposite because all agree that Rodriguez never waived his right to appeal.

counsel's purported ineffective assistance, and then obtained relief from his administrative removal. We disagree that Rodriguez's prior defense counsel's representation was unreasonable, and there is little evidence to support Rodriguez's position that he would have rejected a plea deal, especially in light of the video evidence that stood against him, and the possible four-year sentence he would have faced had he gone to trial, *see* Cal. Penal Code § 245(a)(1). *See People v. Patterson*, 391 P.3d 1169, 1180 (Cal. 2017) (requiring a defendant to show that a "reasonable probability" that "but for his counsel's incompetence, he would not have pled guilty").

Accordingly, Rodriguez has not properly mounted a collateral attack to his administrative removal order under 8 U.S.C. § 1326(d).

**AFFIRMED.** [2]

---

[2] Because Rodriguez's administrative removal order is sufficient to sustain the Government's illegal reentry indictment, we do not reach the expedited removal order. *See* 8 U.S.C. § 1326(a).

24-814